Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50333 | **DATE** | 12/06/2002 |
| **CASE TITLE** | Rubloff Excavation, LLC vs. Central Laborers, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Central Laborers' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum Opinion and Order, Central Laborers' motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | DEC - 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 DEC -6 PM 3:57 FILED-WD | 12-6-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | QW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Rubloff Excavation, LLC ("Rubloff"), an employer/contractor, brings this action against Central Laborers' Pension, Welfare, and Annuity Fund and North Central Illinois Laborers' District Council ("Central Fund" and "N. Central Council", respectively) as defendants under a collective bargaining agreement ("CBA") between a contractors' association and the district council of local unions 32, 109, and 727. Plaintiff originally filed this action in Winnebago County Circuit Court seeking declaratory judgment of the parties' rights under the CBA, and included actions for unjust enrichment against the Central Fund and the N. Central Council for overpayment of union dues and overpayment of employer contributions for pension, welfare and annuity benefits. Defendants removed the action to this court basing jurisdiction on the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income & Security Act, 29 U.S.C. § 1001 et seq. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1441 and 29 U.S.C. § 1132(a)(8). Venue is proper as the alleged activities took place within this division, pursuant to 28 U.S.C. §1391(b). Before the court is defendants' motion to dismiss for failure to join an indispensable party. FED. R. CIV. Pro. 12(b)(7).

The Seventh Circuit has held that, in deciding a Rule 12(b)(7) motion to dismiss, the court must apply Rule 19(b) if it first determines that the party to be joined satisfies the threshold requirements of Rule 19(a). Moore v. Ashland Oil, Inc., 901 F.2d 1445, 1447 (7th Cir.1990). A party is necessary under Rule 19(a) if: (1) in the non-party's absence, complete relief cannot be accorded between those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19; Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 481 (7th Cir. 2001). Rubloff is a contractor subject to CBAs with various unions. Specifically, Rubloff is bound by an agreement covering Laborer's International Union of North America, Local 32. This agreement purports to govern the amount of dues Rubloff is to withhold from employees' wages, as well as the amount of contributions Rubloff is to make to the union's pension, welfare, and annuity fund based on hours worked. Rubloff is to remit the withheld dues to the N. Central Council, and remit the contributions to the Central Fund.

Rubloff alleges employees of Local 32 were working outside of their CBA's geographic jurisdiction, that they were working in a jurisdiction covered by a separate CBA (that of Local 1035), and it should have withheld dues and contributed benefits according to a schedule in the CBA that covered the workers in that location and should have paid those withholdings and contributions to a different district council and a different health and benefit fund (Fox Valley Fund). Although this obligation is unclear from the record, the court accepts it as true for the purposes of this motion. Davis 268 F.3d at 497, n.2. Rubloff is seeking recoupment of the monies it overpaid under Local 32's CBA, both from the N. Central Council and the Central Fund. Local 1035, as well as Fox Valley Fund, are not parties to the CBA covering Rubloff's obligations to Local 32's District Council or its health and welfare fund.

Defendants argue that Local 32, Local 1035, and Fox Valley Fund are necessary and indispensable parties since Rubloff asserts the Local 1035's CBA is the agreement covering Local 32's members when working in McHenry County, IL. Local 1035's CBA includes Fox Valley Fund as the collection agent for the contributions of Rubloff for union dues withheld and employer contributions for health and welfare benefits.

In this case, complete relief can be had between the existing parties without joining Local 1035 or the Fox Valley Fund. The issue is whether, under the Local 32 CBA, Rubloff was required to withhold union dues and make benefit contributions to defendants for the work done in Local 1035's jurisdiction. The underlying complaint prays for a return of what was allegedly overpaid to defendants, not an amount that may or may not be due to the Fox Valley Fund. Further, Local 1035 and Fox Valley Fund do not meet the alternative meaning of a necessary party under Rule 19(a). Although Local 1035 or Fox Valley Fund may have an interest in the subject matter of this litigation, there is no evidence that either's interest will be impeded with the disposition of the action between the existing parties, or that any of the existing parties will be subject to multiple or inconsistent obligations. FED. R. CIV. P. 19(a)(2)(i), (ii). Joining Local 1035 and the Fox Valley Fund may serve the interest of judicial efficiency, but the court does not find these parties are necessary to a full adjudication of the dispute in this case.

Finally, Local 32 is not a necessary party to this action since their interests are adequately protected by the existing defendants, as Rubloff alleges the dues it withheld from Local 32's employees were paid to the N. Central Council.

Based on the above, the motion to dismiss for failure to join indispensable parties is denied.